ORIGINAL

IN THE UNITED STATES DISTRICT COURT *FILED*
FOR THE EASTERN DISTRICT OF NEW YORK
2018 JAN 26 PM 6:07

CLERK
U.S. DISTRICT COURT

___Nicholas Elgar

**Complaint for Employment Discrimination**

Case No. __CV18-0591__

*(to be filled in by the Clerk's Office)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: **X** Yes ☐ No
*(check one)*

-against-

BIANCO, J.

___Seafield Center, Inc.

Seafield Services, Inc.

LINDSAY, M.J.

Lynn Doris, MBA, LCSW, CASAC

Executive Director, Seafield Out Patient, 212 West Main Street, Riverhead, Suffolk County, NY 11901

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

I. The Parties to This Complaint

A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name _Nicholas Elgar

Street Address _200 West 70 Street, Suite 9G,

City and County _New York, New York County,

State and Zip Code _NY 10023

Telephone Number _(917) 584-1802

E-mail Address _nickelgar1@gmail.com

B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

Name _Seafield Center, Inc.

Job or Title (if known)

Street Address _7 Seafield Lane

City and County _Westhampton Beach, Suffolk County,

State and Zip Code _NY 11978

| | |
|---|---|
| Telephone Number | (631) 288-1122 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | _Seafield Services, Inc. |
| Job or Title (if known) | |
| Street Address | _7 Seafield Lane |
| City and County | _Westhampton Beach, Suffolk County, |
| State and Zip Code | _NY 11978 |
| Telephone Number | _(631) 288-1122 |
| E-mail Address (if known) | |

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | _Seafield Out Patient – Riverhead |
| Street Address | _212 West Main Street |
| City and County | _Riverhead, Suffolk County, |
| State and Zip Code | _NY 11901 |
| Telephone Number | _(631) 369-7800 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- ☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

    *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- ☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

    *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- **X** Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

    *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- ☐ Other federal law *(specify the federal law)*:
    _____

- ☐ Relevant state law *(specify, if known)*:
    _____

- ☐ Relevant city or county law *(specify, if known)*:
    _____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

4

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

> **X** Failure to hire me.
> **X** Termination of my employment.
> ☐ Failure to promote me.
> **X** Failure to accommodate my disability.
> **X** Unequal terms and conditions of my employment.
> **X** Retaliation.
> **X** Other acts *(specify)*: "Demotion" from Full Time Employment to Part Time Employment Status Only. "Unpaid Overtime."

> *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

C. I believe that defendant(s) *(check one)*:

> **X** is/are still committing these acts against me.
> ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

> ☐ race _____
> ☐ color _____
> ☐ gender/sex _____
> ☐ religion _____
> ☐ national origin _____
> ☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
> **X** disability or perceived disability *(specify disability)* Attention Deficit Disorder (ADD) _
> ***Please see attached additional pages for explanation.***

5

E. The facts of my case are as follows. Attach additional pages if needed.

*_Please see attached additional pages.*

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

**IV. Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

September 22, 2017.

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- **X** issued a Notice of Right to Sue letter, which I received on *(date)* November 04, 2017.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐     60 days or more have elapsed.
- ☐     less than 60 days have elapsed.

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Lost Wages – Amount Unknown.
"Pain & Suffering" – Amount Unknown.
Unpaid Overtime – Amount Unknown.
Loss of Benefits, including, but not limited to, Health Insurance, and Dental Insurance, for Plaintiff & Spouse. – Amount Unknown.
Legal Fees – Amount Unknown.

"…wrongs alleged are continuing at the present time," due to, "Failure to hire me," to a Full Time Position.

_____
_____
_____
_____
_____

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _January 26, 2018__.

Signature of Plaintiff
Printed Name of Plaintiff    NICHOLAS ELGAR

## B) The Defendant(s)

Lynn Doris, MBA, LCSW, CASAC
Executive Director
Seafield Out Patient
212 West Main Street,
Riverhead, Suffolk County,
NY 11901
(631) 369-7800

### 3) Statement of Claim:

### *Failure to Accommodate my disability:*

On April 18, 2016, I began working Full Time as a CASAC-T (Certified Alcohol and Substance Abuse Counselor-Trainee) at Seafield Out Patient, Riverhead, NY. As a Trainee, licensed thru New York State's OASAS (Office of Alcohol and Substance Abuse Services), I am only permitted to work under direct Supervision, until I have completed 6000 documented hours of Supervised work, and passed the state's exam, to become a full CASAC. At the time I began working at Seafield Riverhead, I had completed 566 work hours.

Within a few weeks of working at Seafield Riverhead, it was obvious to me that the office I had been assigned to was having a negative effect on my ability to work. I was assigned to work in the smallest office in the Main Building of the Facility, with two other Counselors. This office housed one of the main supply closets for the facility, in addition, directly outside the office was a second supply closet, where, in addition to other supplies, two medical "drop boxes" were located where Counselors would place Urine Specimens collected from clients to be sent out to testing Laboratories. This office was very chaotic, with multiple distractions, including clients and staff constantly coming and going. In addition, one of the counselors assigned to the office was tasked with conducting "Assessments" for potential clients entering treatment. This process involved interviewing each individual client for up to ninety minutes. On occasion, clients could become quite emotional, in describing their life experiences that had culminated in their seeking treatment.

I conducted a daily Group Therapy Session in a Group Room in an adjacent building, approximately fifty yards down the street. The work station in that room become available in late May 2016. I requested to be relocated to that workstation, as Seafield's custom was to assign Counselors to the work station in the Group Room where they conducted their Group. Lynn Doris, Executive Director, Seafield Riverhead, refused my request for accommodation, stating that even though I was requesting it due to my diagnosis of Attention Deficit Disorder (ADD), which, I explained was exacerbated by distractions, interruptions, and difficulty in returning to work after being "knocked off task," all work station placements were based strictly on Seniority. This was a demonstrably false statement, as the two co-workers I shared an office with, one a CASC-T. like myself, the other an unlicensed worker, who was therefore Junior to me, had both been granted their requests to move to different work stations, even though neither one of them was requesting to move based on "accommodation" for a disability.

The Group Room in question remained vacant from late May 2016 thru early September 2016, while I requested to move on several subsequent occasions, while continuing to receive the same denial response. In mid August, Ms Doris

appeared visibly angry, and told me this was a closed matter, and I should NOT raise the subject again.

## **Unequal terms & conditions of my employment:**

As previously stated, above, both of the co-workers I originally shared an office with, were permitted to move to vacant work station, without making a request for a special "accommodation," whereas I was denied. In addition, Seafield routinely provided extensive training for trainee counselors, which included "shadowing" a more experienced counselor for weeks, often for more than a month, until the trainee was able to comfortably work directly with clients. This was not provided for me. In addition, Ms Doris, arranged for an In House Training on Avatar, the Company's Electronic Medical Records, facilitated by Ginger Dammann, Seafield's Head of Records & Technology, for all "recent" hires. I was the only "recent" hire not included in the training. I asked Ms Doris why I was not included, she told me, "you should know how to do this by now." All of the other staff members who were included in the training were significantly more experienced than I, and all had Master's Degrees, most had either an LCSW (Licensed Clinical Social Worker) or LMHC (Licensed Mental Health Counselor).

## **Retaliation:**

Ms Doris & I met at some point in Mid August 2016. Ms Doris, had become aware that I was behind in filing the necessary notes into my client's files. She was visibly angry, and told me that the "Joint Council," an important ratings body that performs audits on facilities, such as Seafield riverhead, would be arriving in the next few weeks, and I was making her look bad, by having unfiled notes. In addition, I realized that Ms Doris, had not conducted the mandatory 90 Day review that Seafield requires all new hires to receive from their Supervisor. Also, as a trainee counselor, OASAS requires, that trainees receive Clinical Supervision for every twenty hours of work performed. I had started work on April 18, 2016, it was now Mid August 2016, and had not received any Supervision at all, and had not received my 90 Day review. Ms Doris' retaliation began around Labor Day. She reassigned all five of the male employees to the adjacent building, leaving me as the sole male in the Main building. Seafield Out Patient Riverhead is comprised of two thirds males, to one third females. Clients are required to provide Urine samples for Drug Testing. Male Counselors monitor and record male clients, providing Urine samples. As I was the only male counselor in the Main building, the burden for this fell disproportionately on me, as a result, I was constantly interrupted at unscheduled random times throughout my shift, and I fell further behind. Salvatore Sexton, had been assigned as my Supervisor, at this time. I requested that a schedule be created, so that the responsibility of monitoring Urine collection from clients be shared equally among the male staff. Mr Sexton, indicated to me that Ms Doris refused to create such a schedule, leaving the responsibility disproportionately on me.

In late September 2016, Ms Doris, requested my username & password for the Electronic Medical Record, and against my wishes, began logging in as me, and writing notes in individual client's charts, many of whom were mandated to treatment by the Criminal Justice System – Parole, Probation, Drug Court, CPS – or had received a DWI and were required to complete treatment to be able to get their Driver License reinstated. I registered my objection to Ms Doris, as any of these records could be requested for a Court Case, and those records follow my license, even if I am no longer working at Seafield. Ms Doris, registered my objection, and stated that she would be signing in as me anyway. The terms of my employee contract with Seafield, stipulate that I must provide my username & password to the Executive Director, upon request.

### **_Termination of Employment:_**

Ms Doris, terminated my employment on December 02, 2016. She told me that filing the necessary notes was too difficult for me. The documents she prepared as the basis of my firing, list all the symptoms, detailed in the DSM-5, which would form the basis of a Clinical Diagnosis of ADD. As an LCSW, Ms Doris is licensed by the State of New York, to provide a formal diagnosis of ADD. Ms Doris refused every accommodation I requested to accommodate my ADD, then listed the Clinical Symptoms of ADD, as the justification for firing me.

## **_Other Acts:_**

"Demotion." I was "Demoted from a Full Time Position, with Benefits, to a "Part Time" Position, with no Benefits.

"Unpaid Overtime." In mid September 2016, Ms Doris told me that if I wanted to keep my job I should come into the office on Saturday mornings, on my own time, to catch up on my unfiled notes. I told her my schedule would not allow that, however, I agreed to stay late, after my weekday shift ended at 4.30pm. I often worked until 6.00pm or later, on certain evenings.

### **_Failure to hire me:_**

In April 2017, three months after I had been fired by Ms Doris, I applied for a Full Time position at Seafield Center in Westhampton Beach, NY. I was encouraged to do this at the suggestion of Denise Mas, Deputy Director of Human Resources at Seafield Center, Westhampton Beach, NY. Iwas subsequently told by my Supervisor, Craig Schaeffer, that hiring me had been judged to be too big of a risk.

DATE OF MAILING:
OCTOBER 31, 2017
DOCUMENT DELIVERED: NOVEMBER 04, 2017

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

$ 000.67⁰
PITNEY BOWES
0000806097  OCT 31 2017
MAILED FROM ZIP CODE 10004

11978$1907 C003

Mr. Nicholas Elgar
45 Oneck Lane
West Hampton Beach, NY 11978



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
District Office: (212) 336-3620
TTY (212) 336-3622

Ashraf Ahmed
Federal Investigator

Mr. Nicholas Elgar
45 Oneck Lane
West Hampton Beach, NY 11978

   Re: *Elgar v. Seafield Services, Inc.*
   EEOC Charge No. 520-2017-03695

Dear Mr. Elgar:

The U.S. Equal Employment Opportunity Commission (hereinafter referred "Commission") has reviewed above-captioned job discrimination complaint according to case prioritization procedures surrounding open investigations. Consequently, the Commission focuses available staff resources only on those cases most likely to result in violation determination(s) of laws it enforces.

In accordance with such standards, the Commission evaluated said charge based upon factual information and/or investigative evidence collected. Pursuant to this evaluation, the Commission can not conclude that you were subjected to an adverse employment action motivated by discriminatory animus as defined under the Commission's guidelines and federal law.

In sum, the charge alleges that Respondent, Seafield Services, Inc., discriminated against you on account of disability and retaliation nexus to denial of a requested accommodation (i.e., private, one person office space).

Based on an assessment of relevant submitted information, including an initial intake interview, the Commission is unable to conclude that a violation of Federal law on the part of Respondent occurred. This does not certify Respondent complies with applicable anti-discrimination statutes; no finding is made as to any other issue that might be construed as having been raised by this charge.

Therefore, the complaint is hereby dismissed in its entirety. Attached is "Dismissal and Notice of Rights," affording an opportunity for a private lawsuit. If you wish to pursue matter further in Federal District court, the lawsuit must be filed within 90 days of Notice's receipt.

In the interim, should questions arise regarding the aforesaid, kindly feel free to contact Investigator Ashraf Ahmed directly via telephone, (212) 336 – 3781.

Sincerely,

Kevin Berry        on behalf of                    10/30/2017
District Director                                  Date

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Nicholas Elgar<br>45 Oneck Lane<br>Westhampton Beach, NY 11978 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-03695 | Ashraf Ahmed, Investigator | (212) 336-3781 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry,
District Director

10/17/2017 (Date Mailed)

Enclosures(s)

cc:    Lisa Zahralban
Director of Human Resources
SEAFIELD SERVICES INC
7 Seafield Lane
Westhampton Beach, NY 11978

INCIDENT # 170921-000430
DATE: 09/21/2017 (PHONE)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
520-2017-03695 **INTAKE QUESTIONNAIRE** 520-2017-03695

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
SEP 22 2017
DATE RECEIVED

**1. Personal Information**
Last Name: ELGAR   First Name: NICHOLA
Street or Mailing Address: 45 ONECK LANE   Apt or Unit #: ___
City: WESTHAMPTON BEACH   County: SUFFOLK   State: NY   Zip: 11978
Phone Numbers: Home: (___) ___   Work: (___) ___
Cell: (917) 584-1802   Email Address: NICKELGAR1@GMAIL.COM
Date of Birth: 10/02/1958   Sex: ☒ Male ☐ Female   Do You Have a Disability? ☒ Yes ☐ No

Please answer each of the next three questions.   i. Are you Hispanic or Latino? ☐ Yes ☒ No
ii. What is your Race? Please choose all that apply.   ☐ American Indian or Alaskan Native   ☐ Asian   ☒ White
☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander
iii. What is your National Origin (country of origin or ancestry)? UNITED KINGDOM (ENGLAND)

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:
Name: ANITA GOFFMAN   Relationship: SPOUSE
Address: 45 ONECK LANE   City: WESTHAMPTON BEACH   State: NY   Zip Code: 11978
Home Phone: (212) 769-8885   Other Phone: (917) 584-2176

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)
☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify) ___

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.
Organization Name: SEAFIELD SERVICES, INC.
Address: 7 SEAFIELD LANE   County: SUFFOLK
City: WESTHAMPTON BEACH   State: NY   Zip: 11978   Phone: (631) 288-1122
Type of Business: DRUG & ALCOHOL TREATMENT   Job Location if different from Org. Address: 212 WEST MAIN STREET RIVERHEAD, NY 11901
Human Resources Director or Owner Name: LISA ZAHRALBAN   Phone: (631) 288-1122
Number of Employees in the Organization at All Locations: Please Check (✓) One   EXT. 1059
☐ Fewer Than 15   ☐ 15 – 100   ☐ 101 – 200   ☒ 201 – 500   ☐ More than 500   DIRECT: (631) 569-7389

**3. Your Employment Data** (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☒ No
Date Hired: 04/18/2016   Job Title At Hire: CASE MANAGER
Pay Rate When Hired: $16.00 PER HOUR   Last or Current Pay Rate: $16.00 PER HOUR
Job Title at Time of Alleged Discrimination: CASE MANAGER   Date Quit/Discharged: 12/02/2016
Name and Title of Immediate Supervisor: LYNN DORIS, MBA, LCSW, CASAC. EXECUTIVE DIRECTOR
If Job Applicant, Date You Applied for Job ___   Job Title Applied For ___

1

4. What is the reason (basis) for your claim of employment discrimination?

FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.

☐ Race  ☐ Sex  ☐ Age  ☑ Disability  ☐ National Origin  ☐ Religion  ☑ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race)  ☐ Genetic Information; circle which type(s) of genetic information is involved:
i. genetic testing    ii. family medical history    iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _____

If you checked genetic information, how did the employer obtain the genetic information? _____

Other reason (basis) for discrimination (Explain): "REASONABLE ACCOMMODATION" DENIED. "RETALIATION" THEN FOLLOWED, IN FORM OF INCREASE IN WORK INTERRUPTIONS.

5. What happened to you that you believe was discriminatory? Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)

A. Date: 12/02/2016  Action: DISCHARGED BY, MS. LYNN DORIS, EXECUTIVE DIRECTOR

Name and Title of Person(s) Responsible: LYNN DORIS, MBA, LCSW, CASAC, EXECUTIVE DIRECTOR.

B. Date: MID SEPTEMBER 2016  Action: "RETALIATION," AFTER BEING DENIED "REASONABLE ACCOMMODATION," ALL MALE CLINICAL EMPLOYERS REASSIGNED TO SEPARATE BUILDING, EXCEPT ME, THEREBY ONLY MALE LEFT TO SUPERVIZE ALL MALE CLIENT TOXICOLOGY TESTING.

Name and Title of Person(s) Responsible LYNN DORIS, EXECUTIVE DIRECTOR.

6. Why do you believe these actions were discriminatory? Please attach additional pages if needed. "REASONABLE ACCOMMODATION" WAS DENIED. "RETALIATION" FOLLOWED. MS. LYNN DORIS, AN LCSW, LICENSED BY NY STATE TO DIAGNOSE ADD/ADHD, KNOWING THAT DISTRACTION & CONSTANT INTERRUPTION THROWS SUFFERERS "OFF TASK" DELIBERATELY CREATED THOSE CONDITIONS, WHILE CATALOGUING SYMPTOMS DEFINED

7. What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title? "REASONABLE ACCOMMODATION" DENIED, BECAUSE I WAS "JUNIOR" IN OFFICE; LACKED "SENIORITY." NO REASON GIVEN FOR "RETALIATION" IN DSM-5 AS BASIS FOR DISCHARGE

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. MARY DANKEVICH, | WHITE, FEMALE, 50'S, AMERICAN, NO KNOWN DISABILITY. | CASE MANAGER. | REQUESTED TO MOVE TO QUIETER OFFICE WITH LESS DISTRACTION. (IMMEDIATELY GRANTED) |
| B. ERIN MCGRATH, | WHITE, FEMALE, 23, AMERICAN, NO KNOWN DISABILITY. | ASSESSMENT COUNSELOR. | REQUESTED TO MOVE TO SINGLE PERSON OFFICE. (IMMEDIATELY APPROVED.) |

MS. DANKEVITCH, IS A CASAC-T, SAME LEVEL OF SENIORITY AS ME.
AT THE TIME, MS. MCGRATH, WAS JUNIOR TO ME, AS SHE WAS UNLICENSED.

2

CONTINUATION OF PAGE 02.

"OF THE PERSONS IN THE SAME OR SIMILAR SITUATION AS YOU, WHO WAS TREATED "BETTER" THAN YOU?

— CHRISTOPHER RONAN. CASAC-T. "TRAINEE." WHITE, MALE, 40'S, AMERICAN, NO KNOWN DISABILITY. CASE MANAGER.

— TIMOTHY GRIFFIN. CASAC-T. "TRAINEE." WHITE, MALE, 40'S, AMERICAN. NO KNOWN DISABILITY. I.O.S. COUNSELOR

— SALVATORE SEXTON. CASAC. WHITE, MALE, 30'S, AMERICAN. NO KNOWN DISABILITY. SENIOR COUNSELOR.

— REGINALD MORRIS. CASAC-T. "TRAINEE." AFRICAN-AMERICAN, MALE, 50'S, AMERICAN. NO KNOWN DISABILITY. ASSESSMENT COUNSELOR.

— J.P. McMANUS. NURSE. WHITE, MALE, 40'S, AMERICAN, NO KNOW DISABILITY. NURSE.

— IN SEPTEMBER 2016 ALL OF THE ABOVE FIVE MALE CLINICIANS — NONE OF WHOM HAS ANY KNOWN DISABILITY, NOR REQUESTED A "REASONABLE ACCOMMODATION" — WERE EACH ASSIGNED THEIR OWN INDIVIDUAL SINGLE PERSON OFFICES, IN A SEPARATE BUILDING. I WAS LEFT THE ONLY MALE IN THE MAIN BUILDING, AVAILABLE TO SUPERVIZE MALE TOXICOLOGY TESTING. I REMAINED IN SMALL THREE PERSON OFFICE.

Of the persons in the same or similar situation as you, who was treated *worse* than you?
  Full Name         Race, Sex, Age, National Origin, Religion or Disability    Job Title    Description of Treatment

  A. _____

  _____

  B. _____

  _____

Of the persons in the same or similar situation as you, who was treated the *same* as you?
  Full Name         Race, Sex, Age, National Origin, Religion or Disability    Job Title    Description of Treatment

  A. _____

  _____

  B. _____

  _____

Answer questions 9-12 **only** if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:   ☒ Yes, I have a disability
                                   ☐ I do not have a disability now but I did have one
                                   ☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).
ADD/ADHD - ATTENTION DEFICIT DISORDER/ATTENTION DEFICIT HYPERACTIVITY DISORDER.
DIFFICULTY FOCUSING, EASILY DISTRACTED, ESPECIALLY COMPLETING WRITTEN ASSIGNMENTS

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
   ☒ Yes ☐ No
If "Yes," what medication, medical equipment or other assistance do you use? VYVANSE 70MG × 1 DAILY.
- PREVIOUSLY TOOK RITALIN (METHYLPHENIDATE) DAILY
  10MG × 2 TWICE

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
   ☒ Yes ☐ No
If "Yes," when did you ask? LATE JUNE 2016    How did you ask (verbally or in writing)? VERBALLY
Who did you ask? (Provide full name and job title of person)
LYNN DORIS, MBA, LCSW, CASAC.   EXECUTIVE DIRECTOR.
Describe the changes or assistance that you asked for: I ASKED TO RELOCATE TO AN EMPTY OFFICE WHERE I ALREADY CONDUCTED MY DAILY GROUP ASSIGNMENT.
How did your employer respond to your request? DENIED, STATED OFFICE ASSIGNMENT BASED ON "SENIORITY." I WAS ONLY CASE MANAGER NOT ASSIGNED TO THEIR GROUP ROOM, WHERE A WORK STATION WAS FREELY AVAILABLE.

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |

A. SALVATORE SEXTON, CLINICAL SUPERVISOR. TEL: (631) 369-7800 CELL: (631) 388-8463. HE CAN CONFIRM

B. THAT, AS MY "PERSONAL SUPERVISOR" I REQUESTED TO MOVE TO CONDUCTED MY GROUP IN, BUT THAT IT WAS ASSIGNED TO ANOTHER "TRAINEE" COUNSELOR WHO ACTUALLY WORKED IN A DIFFERENT BUILDING ONLY HAD ACCESS TO HIS ASSIGNED OFFICE 2 HOURS PER DAY. HE CONFIRM THE "RETALIATION" WHEREBY I WAS ONLY MALE AVAILABLE TO

14. Have you filed a charge previously on this matter with the EEOC or another agency? ☐ Yes ☑ No SUPERVISE TOXICOLOGY TESTING. HE TOLD ME HE TRIED TO ARRANGE BOTH AN OFFICE MO-

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: SHARED TOXICOLOGY SCHEDULE. BOTH DENIED BY LYNN DORIS.

_____

16. Have you sought help about this situation from a union, an attorney, or any other source? ☑ Yes ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any? ATTORNEY! 07/25/1
RABNER, BAUMGART, BEN-ASHER & NIRENBERG, P.C.
JONATHAN I. NIRENBERG. (973) 744-4000 EXT: 116  NO RESULTS YET!

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2 ☑ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____ Signature    09/22/2017 Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

4