```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NICHOLAS ELGAR,
```
|  |  |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION**<br>18-CV-591 (RMM) (ARL) |

```
        -against-

SEAFIELD CENTER, INC., et al.,

                                Defendants.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

*Pro se* Plaintiff commenced this job discrimination action on January 26, 2018. ECF No. 1. A scheduling order was entered by the undersigned on July 11, 2018. ECF No. 25. At the parties' request, this matter was referred to mediation on November 1, 2018. Discovery was stayed pending the mediation. ECF No. 34. The mediation was unsuccessful and a revised scheduling order lifting the stay and directing that discovery be completed by April 30, 2019, was entered on January 31, 2019.

By letter motion dated March 14, 2019, Defendants sought an order compelling *pro se* Plaintiff, Nicholas Elgar, to respond to Defendants' first set of interrogatories and document demands served on October 11, 2018. ECF No. 40. Plaintiff did not respond to that motion. On April 11, 2019, this Court directed Plaintiff to respond to Defendants' outstanding discovery demands no later than April 19, 2019. Plaintiff was warned that failure to comply with that Order would result in this Court recommending to District Judge Bianco that Plaintiff's case be dismissed with prejudice for failure to prosecute.

On April 24, 2019, Defendants moved the Court for an order "recommending dismissal of Plaintiff's case, in its entirety and with prejudice, for failing to comply with the Court's April

11, 2019 order" and for Plaintiff's longstanding disregard of the discovery process.  ECF No. 42.  Plaintiff did not respond to this motion.  On May 6, the Court issued an Order to Show Cause giving the Plaintiff until June 3, 2019 to respond to the dismissal motion.  By letter dated June 3, 2019, Defendants requested a 30-day extension of Plaintiff's time to respond to the April 24, 2019 motion indicating that the parties were in settlement discussions.  The Court granted that request and extended Plaintiff's time to respond until July 3, 2019.  By letter dated July 3, 2019, Defendants requested another extension of Plaintiff's time to respond to the April 24, 2019 Motion to allow the parties to continue settlement discussions.  The Court granted the request and extended Plaintiff's time to respond until July 24, 2019.  By letter dated August 12, 2019, Defendants requested yet another extension of Plaintiff's time to respond to the April 24, 2019 Motion to allow the parties to continue settlement discussions.  The Court granted the request and extended Plaintiff's time to respond until August 28, 2019.  The Court also rescheduled the final conference in this matter to September 19, 2019.

     Plaintiff, on September 3, 2019, submitted an objection to dismissal of this action claiming that discovery had been provided.[1]  Defendants replied to that response and the Court directed both parties to appear in person for a conference on September 19, 2019.  Defendants requested, on consent, an adjournment of that conference, which was rescheduled for October 1, 2019.  Plaintiff did not appear for that conference.  On October 3, 2019, the Court directed Plaintiff to show cause in writing for his failure to appear at the scheduled conference no later than October 31, 2019.  ECF No. 52.  In addition, Plaintiff was directed to appear in person for a rescheduled conference on November 5, 2019 at 2:30 p.m.  *Id*.  A copy of the Order to Show

---

[1] In his letter, Plaintiff acknowledges the requirement that he appear for a conference before this Court on September 19th.  In their letter, Defendants reported that although Plaintiff had provided 31 pages of documents the documents produced were not responsive to the outstanding requests and further that Plaintiff had not responded to outstanding interrogatories.

2

Cause was sent to Plaintiff by Federal Express. Plaintiff did not provide an explanation for his absence on October 31, 2019, nor did he appear for the conference on November 5, 2019.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order. Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss, courts examine the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008). Moreover, parties have an obligation to notify the Court of any change of address. *See Rossman v. Suffolk Times*, No. 13-CV-3142, 2013 WL 4065020, at *1 (E.D.N.Y. Aug. 12, 2013). This rule applies to both represented parties as well as *pro se* litigants. *Id.*

Here, Plaintiff was repeatedly warned that his failure to provide discovery and failure to comply with Court Orders could result in the dismissal of his claim. Plaintiff has failed to appear at several Court conferences and has continued to fail to respond to outstanding discovery requests.[i] Under these circumstances, the matter cannot proceed. Certainly, Defendants would be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive. The undersigned, therefore, respectfully recommends that this case be dismissed with prejudice for failure to prosecute.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties and copy is being sent by Federal Express to the plaintiff. Any objections to this

3

Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York  
November 12, 2019

SO ORDERED:

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge